**CLARK COUNTY NATURAL RESOURCES COUNCIL,**
Plaintiff–Appellant,

v.

**CLARK COUNTY, a Washington municipal corporation,**
Defendant–Appellee.

No. 02–35449.

D.C. No. CV–01–05172–FDB/ELM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided July 31, 2003.

---

1. The Utility is a subsidiary of PG & E Corporation.

Before REAVLEY,* TASHIMA and PAEZ, Circuit Judges.

MEMORANDUM **

In its complaint, the Clark County Natural Resources Council identified three dozen or so variances between the County's code, as revised, and the PSB Manual, each of which the Council contends violates the equivalency requirement of the County's discharge permit. Washington's Department of Ecology wrote that the revised code meets the requirements of the County's discharge permit. Ecology's one-page letter acknowledged that there were "differences" between the revised code and the PSB Manual but found that "these differences do not affect the 'equivalency' of the ordinances." The district court concluded that Ecology's interpretation of its own term—"equivalent to"—was entitled to "great deference," and therefore declined "to perform a meticulous review of [the County's] [c]ode revisions and compare them to the [PSB Manual]." The district court agreed with Ecology's equivalency determination but did not otherwise discuss its reasonableness.

We have previously held that a state agency's interpretation of a state-issued NPDES permit is entitled to "substantial deference."[1] However, Ecology's determination that the County's revised code is "equivalent to" the PSB Manual is entitled no deference if it is unreasonable. The reasonableness of Ecology's determination cannot be gauged without assessing the significance (if any) of the variances between the revised code and the PSB Manual. We cannot determine whether the district court afforded the Council meaningful judicial review under the Clean Water Act's citizen suits provision[2] unless the record indicates that an inquiry into the reasonableness of Ecology's determination has been undertaken. This record does not reveal that Ecology articulated its reasons for finding that these variances do not

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

1. *Russian R. Watershed Protection Comm. v. City of Santa Rosa,* 142 F.3d 1136, 1141 (9th Cir.1998).

2. 33 U.S.C. § 1365(a)(1) (2001).

undermine the equivalency of the revised code according to the standard of equivalency announced in Ecology's guidance manual, and there is no trace of explanation by the district court as to why the differences are insignificant. Consequently, we can neither determine whether the Council has been afforded meaningful judicial review nor can we assess the reasonableness of Ecology's equivalency determination. We therefore vacate the district court's award of summary judgment and remand for further proceedings.

VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.